IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01235-GPG

DERRICK TAYLOR,

    Plaintiff,

v.

A.H.O. DURAN,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Derrick Taylor, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Taylor has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming he was denied due process in connection with disciplinary proceedings that resulted in a disciplinary conviction as well as his termination from community corrections.  He seeks damages as relief.

    Mr. Taylor has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if the claims Mr. Taylor asserts are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous and malicious.

    The Court must construe the Prisoner Complaint liberally because Mr. Taylor is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Taylor claims he was denied due process at a disciplinary hearing on August 26, 2014, because the hearing officer was not impartial, allowed the charges to be amended without sufficient notice, found him guilty without sufficient evidence, and convicted him of an offense that was not included in the notice of charges. Mr. Taylor asserted substantially similar claims in a prior § 1983 action against the same Defendant. *See Taylor v. Duran*, No. 15-cv-00114-LTB (D. Colo. Jan. 22, 2015). The Court dismissed case number 15-cv-00114-LTB without prejudice because Mr. Taylor's claims for damages were barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), and, to the extent he was seeking habeas corpus relief, the claims were not raised properly in a § 1983 action. Mr. Taylor subsequently filed a habeas corpus action pursuant to 28 U.S.C. § 2241 challenging the validity of the same disciplinary conviction and raising substantially similar due process claims. *See Taylor v. Zupan*, No. 15-cv-01007-GPG (D. Colo. filed May 26, 2015). The habeas corpus action remains pending.

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted). To determine whether a

pleading repeats pending or previously litigated claims, the Court may consult its own records.  *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972).  The Court has consulted its records and finds that the due process claims for damages Mr. Taylor asserts in the instant action are virtually identical to the due process claims for damages he raised in case number 15-cv-00144-LTB.  Although case number 15-cv-00144-LTB was dismissed without prejudice, Mr. Taylor was advised in that action that he could not assert any claims for damages that implicate the validity of the disciplinary conviction and his removal from community corrections until he invalidates the disciplinary conviction.  *See Heck*, 512 U.S. at 486-87.

Mr. Taylor still has not invalidated the disciplinary conviction.  Therefore, his due process claims for damages still are barred by *Heck*.  Furthermore, because Mr. Taylor was advised that he may not pursue his due process claims for damages unless the disciplinary conviction has been invalidated, the instant action is repetitive and will be dismissed as frivolous and malicious.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  16th  day of   June  , 2015.

BY THE COURT:


　　s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court